UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGEL S. LOMELY, | Case No.: 5:12-CV-01194-EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and Does 1–5, inclusive, | **[Re: Docket Item No. 10]** |
| Defendants. | |

Presently before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss the Complaint filed by Plaintiff Angel S. Lomely ("Lomely"). See Docket Item No. 10. Having fully reviewed Chase's moving papers which were filed unopposed, the Court will grant Chase's motion for reasons described below.

## I. BACKGROUND

**A. Factual History**

On or around October 13, 2005, Lomely obtained a loan for $1,288,999.00 to secure the purchase of real property located at 20096 Almaden Road in San Jose, California ("the Loan"). See Notice of Removal and Removal, hereafter "Removal," Docket Item No. 1, Ex. A, Compl. ¶ 1–2,

1

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

10, hereafter "Compl."; Def's. Req. for Judicial Notice (hereafter "RJN"), Docket Item No. 11, Ex. A, Deed of Trust. The loan was obtained from lender Washington Mutual Bank ("WaMu"), which was also listed as the beneficiary to the Loan, and California Reconveyance Company ("CRC") was the trustee of the Deed. Compl. ¶ 10; RJN, Ex. A. Lomely alleges that in or around December 2005 his promissory note on the Loan was securitized and became part of various loan pools and investment trusts. Compl. ¶ 11–13, Ex. E, Security Bond Description.

On or around September 25, 2008, WaMu was declared insolvent whereupon the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for WaMu. RJN, Ex. B. Affidavit of Federal Insurance Corporation recorded on October 3, 2008; see also Miller v. Calif. Reconveyance Co., No. 10-CV-421-IEG, 2010 WL 2889103, at *2 (S.D. Cal. July 22, 2010) ("As a receiver, the FDIC steps into the shoes of the failed [financial institution] and operates as its successor. . . . The FDIC then has broad powers to allocate assets and liabilities, such as through a [Purchase and Assumption Agreement]." (internal quotations marks and citations omitted)). Pursuant to a Purchase and Assumption Agreement ("P&A Agreement") dated September 25, 2008, the FDIC transferred to Chase "all right, title, and interest of the Receiver in and to all of the assets" of WaMu, including the Loan. RJN, Ex. C.

By March 21, 2011, Lomely had failed to meet his loan obligations whereupon a Notice of Default was issued and recorded on March 25, 2011 by CRC acting on behalf of Chase with the Santa Clara County Recorders' Office. RJN, Ex. D. In or around May 2011, Lomely contacted Chase and applied for a loan modification; this and several other applications from May to December 2011 were rejected by Chase. Compl. ¶ 26–29. As Lomely remained in default on his loan, a Notice of Trustee's Sale was issued and recorded on June 27, 2011. RJN, Ex. E.

**B.  Procedural History**

Lomely filed the Complaint underlying this action against Chase in Santa Clara Superior Court on January 25, 2012. The Complaint asserts six claims for relief: (1) wrongful foreclosure; (2) quiet title; (3) violation of California Business & Professions Code § 17200; (4) declaratory and

2

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

injunctive relief; (5) violations of California Civil Code § 2923.5; and (6) quasi contract. See Compl. On March 9, 2012 Chase removed the action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446 based upon diversity of citizenship. See Removal. On April 16, 2012, Chase moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and requested judicial notice of certain relevant publicly available documents. See Def's. Mot. to Dismiss Compl., Docket Item No. 10; RJN.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

3

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

## III. REQUEST FOR JUDICIAL NOTICE

In support of its motion to dismiss, Chase had requested that the Court take judicial notice of various documents. See RJN. These documents include the following: the Deed of Trust, recorded October 17, 2005 with the Santa Clara County Recorder (Ex. A); Affidavit of Federal Insurance Corporation recorded October 3, 2008 with the Washington State King County Recorder (Ex. B); the Purchase and Assumption Agreement dated September 25, 2008 and available on the FDIC's website at http://http://www.fdic.gov/about/freedom/Washington_mutual_p_and_a.pdf (Ex. C); Notice of Default and Election to Sell Under Deed of Trust recorded March 25, 2011 with the Santa Clara County Recorder (Ex. D); and Notice of Trustee's Sale, recorded June 27, 2011 with the Santa Clara County Recorder (Ex. E).

For a motion to dismiss, the court does not generally look beyond the complaint as doing so may enter the purview of summary judgment. See Fed. R. Civ. P. 12(d); Hal Roach Studios, 896 F.2d at 1555 n.19. There are, however, two exceptions to this rule. First, the court may properly take judicial notice of material which is attached as part of the complaint or relied upon by the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688–69 (9th Cir. 2001). Second, the court may properly take judicial notice of matters in the public record pursuant to Federal Rule of Evidence 201(b). Id. Rule 201(b) requires a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d).

Here, Lomely does not challenge the authenticity of the documents contained in Chase's Request for Judicial Notice. The Exhibits contained therein are therefore judicially noticeable as matters of public record. As such, Defendant's Request for Judicial Notice is granted in its entirety.

## IV. DISCUSSION

In his Complaint, Lomely has asserted six causes of action. Each will be addressed below.

4

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

### A. Claims 1, 2 and 4: Wrongful Foreclosure, Quiet Title, and Declaratory and Injunctive Relief

Lomely's claims of wrongful foreclosure (claim 1) and quiet title (claim 2) are predicated on the securitization of the promissory note underlying the Loan and the transfer of the benefits of the Loan from WaMu to Chase. In addition to money damages, Lomely also seeks declaratory and injunctive relief (claim 4). Lomely asserts that neither WaMu nor CRC recorded a transfer of beneficial interest in the note to Chase. Compl. ¶ 35. He supports this by arguing that when WaMu securitized the loan in December 2005, which was shortly after Lomely executed the Deed of Trust, all beneficial interest in the loan was transferred to an unknown private investor. Id. at ¶ 34, 41. Therefore, he contends, Chase is neither the owner of the note, a holder of the note, nor a beneficiary of the note; and it merely acts, if at all, as the loan servicer. Id. ¶ 36–37. Lomely contends that Chase did not acquire any rights vis-à-vis the Loan under the P&A Agreement of September 2008 because by that time, the interest had already been transferred to a separate party via the securitization. Id. ¶ 37.

Ultimately, Lomely argues that because Chase was not the note holder or beneficiary, it cannot seek to enforce the Deed of Trust let alone foreclose on the property in question nor did it have ownership or any legal interest in the property. Id. ¶ 42, 45, 46. This contention is erroneous for several reasons.

First, the allegation that securitization of the Deed of Trust renders it unenforceable is an incorrect proposition under California law, which has rejected the notion that parties lose their interest in a loan when it is securitized or sold and assigned into a pool of trust. See Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("[Plaintiff's claim] is based on the erroneous theory that all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool."); Nguyen v. Bank of Am. Nat'l Ass'n, No. 11-CV-03318, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) ("[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action." (quoting Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 898 (D. Haw.

5

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

2011))); Benham v. Aurora Loan Servs., No. C-09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (rejecting plaintiff's argument that a beneficiary of a mortgage note loses its power of sale in deed where the note is securitized and assigned to a trust pool). Moreover, the language of the Deed of Trust itself allows for securitization: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." RJN, Ex. A ¶ 20.

Secondly, California, a non-judicial foreclosure state, does not require that the original note be produced in order for the foreclosure proceedings to be valid. Karimi v. GMAC Mortg., No. 11-CV-00926, 2011 WL 5914006, at *4 (N.D. Cal. Nov. 28, 2011) (finding that plaintiff's argument that defendant cannot validly foreclose on the property without the original note to be "contrary to California law"); Hafiz, 652 F. Supp. 2d at 1043 ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."); see also Cal. Civ. Code § 2924b(4) ("A 'person authorized to record the notice of default or the notice of sale' shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."). As such, the fact that Chase was not the holder of the original note did not mean that its foreclosure on the property was improper.

Third, Lomely has failed to show that Chase had no right to foreclose on the loan. As noted, Chase acquired the interest in the Deed of Trust and the right to initial non-judicial foreclosure proceedings on September 25, 2008 pursuant to the P&A Agreement. RJN, Ex. C; see also Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154 (2011). Along with this interest came the right to foreclose on the property in the event of a default. Lomely does not deny that he was in default on his mortgage nor does he challenge the validity of the Notice of Default.

Because Lomely's claims for wrongful foreclosure, quiet title, and his arguments in support of his request for declaratory and injunctive relief are based on the erroneous notion that Chase had no interest in the Loan or right to initiate foreclosure proceedings, each of these causes of action are dismissed without leave to amend.

**B. Claims 3 and 5: Violations of California Business & Professions Code § 17200 and California Civil Code § 2923.5**

Lomely alleges that Chase violated California Civil Code § 2923.5 by failing to contact him in order to explore alternative options to foreclosure sufficiently prior to issuing a notice of default and initiating foreclosure proceedings (claim 5). Compl. ¶ 68–69. Lomely further contends that this and other actions amount to a violation of California Business & Professions Code § 17200 as well (claim 3).

Section 2923.5 requires that a mortgagee, beneficiary, or authorized agent contact the mortgagor in order to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). A notice of default may not be filed until thirty days after this contact is made. Id. § 2923.5(a)(1). In cases involving an attack on a non-judicial foreclosure sale, the challenger-borrower must overcome a presumption of propriety. Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877 (2010); Knapp v. Doherty, 123 Cal. App. 4th 76, 86 n.4 (2004). Even in the event that a foreclosure procedure was improper, a challenger must still show resulting prejudice. Davenport, 725 F. Supp. 2d at 877.

Lomely has failed to rebut this prescribed presumption of propriety. Attached to the Notice of Default is a Declaration of Compliance in which a representative of Chase specifically attested to compliance with section 2923.5 in the matter with Lomely. See RJN Ex. D. Furthermore, even if the proceeding was improper, Lomely has not shown that he was prejudiced by it nor has he shown that such a prejudice could exist. See Davenport, 725 F. Supp. 2d at 877.

This claim is dismissed without leave to amend since there is no indication that Lomely would be able to rebut the presumption of propriety in light of the Declaration of Compliance and Lomely's vague and conclusory allegations in his Complaint. Moreover, allegations pleaded in the Complaint may in fact negate this claim: Lomely states that he had conversations with Chase representatives regarding foreclosure alternatives. Compl. ¶ 27. This seems to indicate that Chase complied with the procedures and protections set up by section 2393.5, or, in the alternative, that Lomely has not been prejudiced. See Davenport, 725 F. Supp. 2d at 877–78 (dismissing a claim for

7
Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

violation of section 2392.5 without leave to amend where allegations pleaded in the complaint seem to indicate compliance with that code section).

Section 17200 of the Business & Professions Code proscribes "unlawful, unfair or fraudulent business act or practice." Lomely's argument for this claim lies in the form of merely conclusory allegations that Chase has committed acts of unfair competition. Compl. ¶ 51. The only support for this notion, if any, is the allegation that Chase wrongfully foreclosed on the property in question or violated Cal. Civ. Code § 2923.5. Id. ¶ 54. Because the claims of wrongful foreclosure and violation of the California Civil Code have been dismissed, a claim of violation of the California Business & Professions Code predicated on those claims must be dismissed without leave to amend as well.

**C.  Claim 6: Equitable Relief under Quasi-Contract Theory**

Lomely's sixth and final claim for relief is based upon the theory of quasi-contract: that Chase has been unjustly enriched in accepting monthly mortgage payments from Lomely for over a year. Compl. ¶ 76. Lomely supports this argument, again, with the allegation that Chase was not a beneficiary to the Loan even after the assignment from WaMu via the September 25, 2008 P&A Agreement based on the securitization. Id. ¶ 77.

A quasi-contract is a way of describing the "basis of equitable remedy of restitution when an unjust enrichment has occurred." McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004). Recovery under quasi-contract theory is appropriate when there is no contract governing the situation or relationship between the parties. See Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., 94 Cal. App. 4th 151, 172–73 (2001).

In that regard, Lomely's claim for relief under quasi-contract theory fails for two reasons. First, as noted, Chase was entitled to receive the mortgage payments as the loan servicer and beneficiary to the Loan after the P&A Agreement of September 25, 2008. Secondly, the governing contractual documents—the original Deed of Trust and assignment by the P&A Agreement— define the parties' rights and obligations, thus precluding recovery for unjust enrichment. See Cal.

8
Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS

Med. Ass'n, Inc., 94 Cal. App. 4th at 172 ("[A]s a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights."). Contrary to Lomely's contentions, the securitization of the Loan did not do away with WaMu's rights as a beneficiary or affect the ability for those rights to be assigned to Chase.

Therefore, Chase's receipt of those payments was not an unjust enrichment, but rather one that it was entitled to under the Loan agreement via the P&A Agreement. As such, Lomely does not have an equitable claim for relief under the theory of quasi-contract, and such claim is dismissed without leave to amend.

## V. CONCLUSION AND ORDER

Because Lomely has failed to establish each of the causes of action he has alleged in his Complaint, Chase's Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND in its entirety.

Since this Order effectively disposes of the entire case, the Clerk shall close this file upon entry of Judgment.

**IT IS SO ORDERED.**

Dated: September 17, 2012



EDWARD J. DAVILA
United States District Judge

9

Case No.: 5:12-CV-01194-EJD
ORDER GRANTING MOTION TO DISMISS